**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45886**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 4, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KELLI ELIZABETH HIATT, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order withholding judgment and suspended sentence of three years for battery against health care workers, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Pursuant to a plea agreement, Kelli Elizabeth Hiatt entered an *Alford*[1] plea to battery against health care workers. I.C. §§ 18-915C and 18-903. In exchange for her guilty plea, an additional charge was dismissed. The district court entered a withheld judgment and sentenced

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Hiatt to a term of probation of three years.[2]  Mindful that Hiatt has served her jail time and that she requested the withheld judgment and three years of probation, Hiatt appeals, arguing that her sentence is excessive.

In her appellate brief, Hiatt states that she is "mindful" that she received the sentence she asked for but, nevertheless, asserts that her sentence is excessive.  The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error.  *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993).  One may not complain of errors one has consented to or acquiesced in.  *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998).  In short, invited errors are not reversible.  *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996).  This doctrine applies to sentencing decisions as well as rulings made during trial.  *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986).

Therefore, because Hiatt received the sentence she requested, Hiatt may not complain that the district court abused its discretion.  Accordingly, Hiatt's judgment of conviction and sentence are affirmed.

---

[2]    The district court also ordered that Hiatt she serve ninety days in the county jail as one of the terms of her probation.  Hiatt acknowledges that she has already served the ninety days.  A case becomes moot when the issues presented are no longer live or the defendant lacks a legally cognizable interest in the outcome.  *Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Bradshaw v. State*, 120 Idaho 429, 432, 816 P.2d 986, 989 (1991).  To the extent that Hiatt may be challenging this order, it is moot.